# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND BECK,<br><br>    Petitioner,<br><br>v.<br><br>DARREL G. ADAMS,<br><br>    Respondent. | 1:09-cv-00276-TAG HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE THE ACTION<br><br>ORDER DIRECTING CLERK OF COURT TO SENT PETITIONER A FORM COMPLAINT FOR CIVIL RIGHTS VIOLATION |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 12, 2009, Petitioner filed his petition in this Court. (Doc. 1). Pursuant to 28 U.S.C. § 636(c), Petitioner consented to the jurisdiction of the United States Magistrate Judge. (Doc. 3).

Petitioner challenges the medical treatment he is receiving at the hands of Respondent's medical personnel. Petitioner does not challenge either his conviction or sentence and, indeed, provides no information whatsoever regarding the offense or sentence upon which he is incarcerated. Rather, the petition contains a series of charges about the circumstances under which he is being medically treated.

## **DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule

1

4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner complains that CDCR is not providing adequate or proper medical care and that the care being provided is being provided in either an illegal or inhumane manner. Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief; and
2. The Clerk of the Court is DIRECTED to terminate this action in its entirety, and to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

IT IS SO ORDERED.

Dated:  **April 1, 2009**                                      /s/ **Theresa A. Goldner**
                                                                          UNITED STATES MAGISTRATE JUDGE

2